[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12704

_____

D.C. Docket No. 2:14-cv-02468-WMA

KAREN SAVAGE,

Plaintiff-Appellant,

versus

SECURE FIRST CREDIT UNION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 25, 2016)

Before HULL and BLACK, Circuit Judges, and MORENO,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Federico A. Moreno, United States District Judge for the Southern District of Florida, sitting by designation.

In this case, the district court erred in determining that the plaintiff could not plead causes of action in the alternative.  "Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1283 (3d ed. 2004) ("In contrast to common law and code practice, the federal rules recognize that inconsistency in the pleadings does not necessarily mean dishonesty, and that frequently a party, after a reasonable inquiry and for proper purposes, must assert contradictory statements when he or she legitimately is in doubt about the factual background of the case or the legal bases that underlie affirmative recovery or defense.").  Thus, "[i]t is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability." *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014).

**REVERSED and REMANDED.**